IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SWAYSEY RANKIN #20090005972,   )
                               )
            Plaintiff,         )
                               )
     v.                        )    No. 09 C 7580
                               )
SHERIFF TOM DART, et al.,      )
                               )
            Defendants.        )

## MEMORANDUM ORDER

Swaysey Rankin ("Rankin") has used the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by the Clerk's Office to assert two claims for which he seeks modest financial recompense: $2.5 million for punitive damage and $4.5 million "for Compesentary [sic] damage." Rankin has accompanied that Complaint with an In Forma Pauperis Application ("Application"), also using a Clerk's-Office-supplied form. This sua sponte memorandum order deals with both those filings.

To begin with, Rankin has not complied with the provisions of 28 U.S.C. §1915,[1] which prescribes the requirements for his obtaining in forma pauperis status. Even though the Application form specifically requires a certification by an authorized officer at the Cook County Jail (where Rankin is in custody) as to Rankin's trust fund account there, neither that certification nor the even more important printout of transactions in that

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

account for the months of June through November, 2009 (see Section 1915(a)(2)) has been tendered. Although the rest of the Application indicates that Rankin would likely qualify for in forma pauperis status in the sense that the $350 filing fee would not have to be paid in advance but Rankin would be obligated to pay the full amount in future installments, that determination cannot be until Rankin provides the missing materials.

To turn to the substance of Rankin's allegations in accordance with the screening procedure prescribed by Section 1915A(a), this Court notes two threshold matters:

    1. Although Rankin names Cook County Sheriff Tom Dart as one of his two targeted defendants, nothing in the Complaint implicates Sheriff Dart as a proper Section 1983 defendant to either of Rankin's two asserted claims. Accordingly Sheriff Dart is dismissed as a defendant, and this action will not be permitted to proceed against him.

    2. As for the second named defendant, identified as Medical Director Ting, he is not implicated in Rankin's proposed Count 2. Moreover, even if Rankin were to name a proper defendant in that count, it fails to identify anything even approaching a constitutional deprivation cognizable under Section 1983. Count 2 is therefore dismissed.

Hence if Rankin does complete his required filing referred to earlier, this action will be limited to one that advances his

Count 1 claim solely against Medical Director Ting. And if Rankin does not provide the missing materials on or before December 28, 2009, this Court would be constrained to dismiss both the Complaint and this action (but without prejudice).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 9, 2009